■ GERMAN SERRANO, Respondent, v 432 PARK SOUTH REALTY Co., LLC, Appellant. [779 NYS2d 198]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 30, 2004, which, to the extent appealed from, inter alia, granted plaintiff's motion for summary judgment as to liability on his Labor Law § 240 (1) claim, and denied defendant's cross motion insofar as it sought summary judgment dismissing plaintiff's Labor Law § 241 (6) claim, unanimously modified, on the law, to grant the cross motion insofar as to award defendant summary judgment dismissing the Labor Law § 241 (6) claim, and otherwise affirmed, without costs.

Plaintiff established that his accident was attributable to a lack of proper safety equipment and/or the failure to secure the ladder upon which he was working. Even if plaintiff had been negligent in continuing his work in his coworker's momentary absence, no triable issue would therefore be raised as to whether liability should be imposed upon defendant pursuant to Labor Law § 240 (1), since such negligence would not be susceptible of characterization as the sole proximate cause of plaintiff's harm (*see Dasilva v A.J. Contr. Co.*, 262 AD2d 214 [1999]).

Summary judgment dismissing plaintiff's Labor Law § 241 (6) claim should have been granted since the Industrial Code sections cited by plaintiff as predicates for the claim are either insufficiently specific or inapplicable (*see Lawyer v Rotterdam Ventures*, 204 AD2d 878 [1994], *lv dismissed* 84 NY2d 864 [1994]). Concur—Nardelli, J.P., Saxe, Sullivan, Marlow and Catterson, JJ.