■ PAUL GONZALEZ, Appellant, v TURNER CONSTRUCTION COMPANY, Respondent. [801 NYS2d 310]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered June 3, 2004, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, an ironworker employed by subcontractor Antemax, commenced this action, alleging claims under Labor Law § 240 (1), § 241 (6) and § 200, and for common-law negligence, against defendant general contractor Turner. Summary judgment dismissing the Labor Law § 241 (6) claim was properly granted since the Industrial Code sections cited by plaintiff as predicates for the claim are either insufficiently specific or inapplicable (*see Serrano v 432 Park S. Realty Co., LLC*, 8 AD3d 202 [2004]). Also properly dismissed was the Labor Law § 240 (1) claim, since plaintiff's task, dismantling a rig that had been rented by Antemax, did not involve a significant inherent risk attributable to an elevation differential (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Rather, plaintiff's task involved "the type of 'ordinary and usual' peril a worker is com-

monly exposed to at a construction site" (*Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 489 [1995]).

The record evidence establishes that no one from Turner was present at the time of the accident, and that Turner had no direct involvement in the performance of plaintiff's work or the manner in which Antemax's rig was dismantled. Under these circumstances, there is insufficient basis for imposing liability against Turner either under Labor Law § 200 or on a common-law negligence theory (*see De La Rosa v Philip Morris Mgt. Corp.*, 303 AD2d 190, 192 [2003]). Concur—Buckley, P.J., Mazzarelli, Andrias, Saxe and Williams, JJ.