O'Brian v 4300 Crescent L.L.C. (2020 NY Slip Op 00914)





O'Brian v 4300 Crescent L.L.C.


2020 NY Slip Op 00914


Decided on February 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2020

Acosta, P.J., Richter, Kapnick, Mazzarelli, Moulton, JJ.


10968 22310/12E

[*1] Edmond J. O'Brian, Plaintiff-Appellant,
v
4300 Crescent L.L.C., et al., Defendants-Respondents. [And a Third-Party Action.]


The Dearie Law Firm, P.C., New York (Dana E. Heitz of counsel), for appellant.
McGaw, Alventosa & Zajac, Jericho (Ross P. Masler of counsel), for respondents.



Order, Supreme Court, Bronx County (Lizbeth González, J.), entered February 7, 2019, which, inter alia, granted defendants' motion for summary judgment dismissing the Labor Law § 240(1) claim, and granted third-party defendants' motion for summary judgment dismissing the third-party complaint, unanimously modified, on the law, defendants' motion for summary judgment dismissing the Labor Law § 240(1) claim and third-party defendants' motion for summary judgment dismissing the third-party complaint denied, and otherwise affirmed, without costs.
Plaintiff alleges that he was unloading windows from a tractor trailer when a stack of eight or nine windows that were stored vertically at an angle against the trailer wall tipped over and fell on him. He claims that the coworker who was holding up the stack while he was transferring one of the windows onto an A-frame could no longer support it due to the weight. According to plaintiff, each window weighed at least 175 pounds.
Defendants were not entitled to summary judgment dismissing the Labor Law § 240(1) claim. The accident arose from an elevation-related risk contemplated by the statute. Furthermore plaintiff's injuries flowed directly from the application of the force of gravity to the windows, and the elevation differential was not de minimis, as the combined weight of the windows could generate a significant amount of force during the short descent (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 9-10 [2011]; Runner v New York Stock Exch., Inc., 13 NY3d 599, 605 [2009]).
A triable issue of fact exists in this case as to whether the stack of windows was required to be secured. Plaintiff claims that the trailer was tilted, due to broken wooden planks that were used to elevate the trailer to reach the loading dock, exacerbating the already precarious position of the windows. If the trailer was tilted, then additional securing would be required (see Velez-Tejada v 4525-4555 Apts. Corp., 58 Misc 3d 1216[A] [Sup Ct, Bronx County 2018]).
Summary judgment is also not warranted given the parties' dispute as to whether a protective device prescribed by § 240(1) could have provided adequate protection (see Wilinski, 18 NY3d at 11). Since issues of fact exist, none of the parties are entitled to summary judgment.
In view of the foregoing, the third-complaint asserting claims sounding in contribution and common-law and contractual indemnification against Pioneer Windows is also reinstated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2020
CLERK