Narvaez v City of New York (2021 NY Slip Op 00500)





Narvaez v City of New York


2021 NY Slip Op 00500


Decided on January 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 28, 2021

Before: Kapnick, J.P., Mazzarelli, Kennedy, Mendez, JJ. 


Index No. 020619/13 Appeal No. 12991 Case No. 2019-03973 

[*1]Elitzi Narvaez et al., Plaintiffs-Respondents,
v
City of New York et al., Defendants-Respondents, Everest Scaffolding, Inc., Defendant-Appellant.


Fuchs Rosenzweig, PLLC, New York (Valerie Prizimenter of counsel), for appellant.
Edelman Krasin & Jaye, PLLC, Westbury (Aaron D. Fine of counsel), for Elitzi Narvaez and Jesus Delgado, respondents.
James E. Johnson, Corporation Counsel, New York (Daniel Matza-Brown of counsel), for City of New York, City University of New York and Hostos Community College, respondents.
Brill & Associates, P.C., New York (Haydn J. Brill of counsel), for Dormitory Authority of the State of New York, respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about September 20, 2019, which, to the extent appealed from, denied defendant Everest Scaffolding, Inc.'s motion for summary judgment dismissing the complaint and all cross claims against it, unanimously modified, on the law, to grant the motion as to the City defendants' cross claim for contractual indemnification, and otherwise affirmed, without costs.
Defendant Everest failed to establish prima facie that plaintiffs' consolidated personal injury actions should be dismissed as against it since Everest submitted no evidence that the sidewalk shed it owned was structurally sound (see Ryan v Trustees of Columbia Univ. in the City of N.Y., Inc., 96 AD3d 551, 553 [1st Dept 2012]). The testimony of Everest's principal, together with photographs of the relevant components of the shed and plaintiffs' expert safety engineer's affidavit, demonstrate that Everest had leased the shed at the premises for seven consecutive years, that its principal knew the shed's wooden components had a useful life of three to five years on average, and that each plaintiff was struck by a rotted wooden board which fell from the shed. Additionally, issues of fact remain as to which party had the responsibility to inspect and maintain the shed.
The City defendants' cross claim against Everest for contractual indemnification has no support in the record, and the City defendants did not oppose its dismissal.
We have considered Everest's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 28, 2021