Kuylen v KPP 107th St., LLC (2022 NY Slip Op 01419)





Kuylen v KPP 107th St., LLC


2022 NY Slip Op 01419


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Acosta, P.J., Renwick, Webber, Kern, Friedman, JJ. 


Index No. 26398/15 Appeal No. 15475 Case No. 2020-04772 

[*1]Eldon Kuylen, Plaintiff-Appellant,
v
KPP 107th Street, LLC et al., Defendants-Respondents.


Wingate, Russotti, Shapiro, Moses and Halperin, LLP, New York (David M. Schwarz of counsel), for appellant.
Litchfield Cavo LLP, New York (Ralph A. Consentino of counsel), for KPP 107th Street, LLC, respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Sasha R. Grandison of counsel), for Empact Group, Inc., respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered November 16, 2020, which, to the extent appealed from as limited by the briefs, granted defendant KKP 107th Street, LLC and defendant Empact Group, Inc.'s separate motions for summary judgment insofar as dismissing plaintiff's causes of action under Labor Law §§ 240(1) and 241(6), and denied plaintiff's cross motion for summary judgment on those claims, unanimously modified, on the law, to deny KPP's motion as to Labor Law § 240(1), and the claim reinstated as against it, and otherwise affirmed, without costs.
Plaintiff, who was working on a building renovation, entered one of the building's apartments to speak with a coworker; soon after plaintiff entered the room, a stack of 25 to 30 sheetrock boards that had been leaning against the wall fell on him.
The motion court properly dismissed plaintiff's Labor Law § 240(1) claim as against Empact, as Empact demonstrated that it was not the general contractor for the apartment work and had no authority to supervise, direct, or control plaintiff's work or the work in the apartments (see Kosovrasti v Epic (217) LLC, 96 AD3d 695, 695 [1st Dept 2012]). In contrast, KPP, as owner of the premises, was not entitled to dismissal of plaintiff's Labor Law § 240(1) against it, since the record presents issues of fact as to whether plaintiff's injuries flowed directly from the application of the force of gravity to the sheetrock, whether the elevation differential was de minimis, and whether the combined weight of the sheetrock panels could generate a significant amount of force as it fell (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 9 [2011]; O'Brian v 4300 Crescent L.L.C., 180 AD3d 437, 438 [1st Dept 2020]).
The court correctly dismissed plaintiff's Labor Law § 241(6) claim, which was predicated upon a violation of Industrial Code (12 NYCRR) § 23-2.1(a)(1). Plaintiff's accident occurred in an apartment unit rather than in a passageway, hallway, stairway, or other walkway, and therefore, § 23-2.1(a)(1) does not apply (see Ghany v BC Tile Contrs., Inc., 95 AD3d 768, 769 [1st Dept 2012]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022