Padilla v Touro Coll. Univ. Sys. (2022 NY Slip Op 02232)

Padilla v Touro Coll. Univ. Sys.

2022 NY Slip Op 02232

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Gische, J.P., Moulton, Scarpulla, Shulman, Pitt, JJ. 

Index No. 25984/14 Appeal No. 15649 Case No. . 2021-01044 

[*1]Josue Padilla, Plaintiff-Appellant-Respondent,
v
Touro College University System, Defendant-Respondent, M.D. Drywall of NY Corp., Defendant.
Touro College, Third-Party Plaintiff-Respondent
v
T.R. Joy Associates, Inc., Third-Party Defendant-Respondent-Appellant, All Pro Design & Construction Corp., Third-Party Defendant-Respondent.
T.R. Joy Associates, Inc., Second Third-Party Plaintiff-Respondent-Appellant,
v
All Pro Design & Construction Corp., Second Third-Party Defendant- Respondent.

Faber & Troy, Woodbury (Salvatore V. Agosta of counsel), for appellant-respondent.
Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka and Kevin A. Faley of counsel), for respondent-appellant.
O'Connor Redd Orlando, LLP, Port Chester (Joseph A. Orlando of counsel), for Touro College, respondent.
Lewis Johs Avallone Aviles, LLP, New York (David Metzger of counsel), for All Pro Design & Construction Corp., respondent.

Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered on or about November 10, 2020, which denied third-party defendant T.R. Joy Associates, Inc.'s motion for summary judgment dismissing the claims for contractual and common-law indemnification and contribution against it and granted defendant/third-party plaintiff Touro College University System's motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously modified, on the law, to grant T.R. Joy's motion as to the common-law indemnification and contribution claims, and to deny Touro's motion, and otherwise affirmed, without costs.
Plaintiff, a security system installer employed by T.R. Joy, was injured while working at a property owned by Touro. He testified that when he attempted to move a stack of sheetrock boards leaning against a wall that were purportedly pinching security system wires, the sheetrock boards fell on him.
Touro failed to establish prima facie that it neither created nor had notice of the dangerous condition of the work site and that therefore the Labor Law § 200 and common-law negligence claims should be dismissed as against it (see Herrero v 2146 Nostrand Ave. Assoc., LLC, 193 AD3d 421, 423 [1st Dept 2021]; Quigley v Port Auth. of N.Y. & N.J., 168 AD3d 65, 68 [1st Dept 2018]). It submitted no evidence as to who left the sheetrock against the wall or the last time the site was inspected. Moreover, there is some evidence that the sheetrock was already leaning against the wall when plaintiff arrived at the site.
Although the sheetrock that fell on plaintiff was located on the same floor as he and was not being hoisted or secured, issues of fact exist as to whether Labor Law § 240(1) applies to this case (see Kuylen v KPP 107th St., LLC, __ AD3d __, 2022 NY Slip Op 01419 [1st Dept, Mar. 8, 2022]). It cannot be determined on this record whether plaintiff's injuries were proximately caused by the lack of a safety device of the kind required by the statute (see Wilinski v 334 E. 92 Hous. Dev. Fund Corp., 18 NY3d 1, 11 [2011]; Rodriguez v DRLD Dev., Corp., 109 AD3d 409, 409-410 [1st Dept 2013]; see also Cherry v Time Warner, Inc., 66 AD3d 233, 236 [1st Dept 2009]). Moreover, it will require a jury to determine whether plaintiff's own conduct (i.e., disregarding his supervisor's instructions not to move the stacked sheetrock), rather than any violation of Labor Law 240(1), was the sole proximate cause of his accident (internal quotations omitted) (see Quiroz v Memorial Hosp. for Cancer & Allied Diseases, 202 AD3d 601 [1st Dept 2022]).
Issues of fact as to whether the sheetrock boards were stored in a "safe and orderly manner" (12 NYCRR 23-2.1[a][1]) preclude summary judgment dismissing the Labor Law § 241(6) claim predicated on that provision of the Industrial Code (see Castillo v 3340 LLC, 46 AD3d 382 [1st Dept 2007]). An issue of fact also exists as to whether the accident occurred in the requisite "passageway, walkway, stairway [*2]or other thoroughfare" (12 NYCRR 23-2.1[a][1]).
Summary dismissal of Touro's claim against T.R. Joy for contractual indemnification is precluded by issues of fact as to Touro's negligence (see General Obligations Law § 5-322.1; Padilla v Absolute Realty Inc., 195 AD3d 422, 423 [1st Dept 2021]).
As Touro concedes, its claims against T.R. Joy for common-law indemnification and contribution should be dismissed because plaintiff did not sustain a grave injury (see Clarke v Empire Gen. Contr. & Painting Corp., 189 AD3d 611, 612 [1st Dept 2020]).
We have considered the parties' remaining arguments for affirmative relief and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022