Collver v Fornino Realty, LLC (2023 NY Slip Op 00559)

Collver v Fornino Realty, LLC

2023 NY Slip Op 00559

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

843 CA 21-01269

[*1]CHRISTOPHER COLLVER, PLAINTIFF-RESPONDENT,
v
FORNINO REALTY, LLC, AND MICHAEL FORNINO, DEFENDANTS-APPELLANTS. 

KNYCH & WHRITENOUR, LLC, EAST SYRACUSE (MATTHEW E. WHRITENOUR OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
THE CHIECO LAW GROUP, UTICA (MARK O. CHIECO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered September 9, 2021. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety, and the complaint is dismissed.
Memorandum: Plaintiff commenced this personal injury action seeking damages for injuries he allegedly sustained when the staircase he was descending collapsed under him as he was working on a construction project on property owned by defendant Fornino Realty, LLC. The accident occurred shortly after another worker on the property removed a wooden block that had been screwed into the floor at the base of the staircase to secure it. At the time of the accident, screws that should have been in place to secure the top of the staircase were absent. Defendants appeal from an order insofar as it denied that part of their motion for summary judgment dismissing the complaint with respect to the first and second causes of action, which allege common-law negligence and a violation of Labor Law § 200. We now reverse the order insofar as appealed from.
Generally, landowners "have a duty to maintain their properties in reasonably safe condition" (Cox v McCormick Farms, Inc., 144 AD3d 1533, 1533-1534 [4th Dept 2016]; see Gronski v County of Monroe, 18 NY3d 374, 379 [2011], rearg denied 19 NY3d 856 [2012]), and "Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site" (Forman v Carrier Corp., 172 AD3d 1920, 1920 [4th Dept 2019] [internal quotation marks omitted]). Thus, with respect to both common-law negligence and Labor Law § 200 claims based on a dangerous premises condition, "a defendant landowner has the initial burden of establishing its entitlement to judgment as a matter of law by demonstrating that it did not create or have actual or constructive notice of [the] dangerous condition" (Menear v Kwik Fill, 174 AD3d 1354, 1357 [4th Dept 2019]; see Forman, 172 AD3d at 1920; Mayer v Conrad, 122 AD3d 1366, 1367 [4th Dept 2014]).
Here, defendants met their initial burden on their motion of establishing that they did not have actual notice of any dangerous condition of the staircase by submitting evidence that defendant Michael Fornino (Fornino) was unaware prior to the accident of any missing screws, he had used the staircase on the night before without incident, he would have noticed a bounce in the staircase if the staircase had not been secure, and neither he nor anyone else noticed such a bounce. In opposition, plaintiff failed to raise a triable issue of fact with respect to actual notice (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Similarly, defendants met their initial burden on their motion of establishing that they did not create the dangerous condition that caused plaintiff's accident (cf. generally Brown v Simone Dev. Co., L.L.C., 83 [*2]AD3d 544, 544-545 [1st Dept 2011]; Henderson v L & K Collision Corp., 146 AD2d 569, 571 [2d Dept 1989]) and, in opposition, plaintiff failed to raise a triable issue of fact whether defendants created that condition.
We further conclude that defendants met their initial burden with respect to the issue of constructive notice of the dangerous condition. For a property owner to be on constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the property owner or the property owner's] employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Here, defendants had no employees and defendants have established that the dangerous condition did not exist "for a sufficient length of time before the accident to permit [Fornino] . . . to discover and remedy" the condition (Solecki v Oakwood Cemetery Assn., 158 AD3d 1088, 1089-1090 [4th Dept 2018] [internal quotation marks omitted]; see St. John v Westwood-Squibb Pharms., Inc., 138 AD3d 1501, 1503 [4th Dept 2016]). In opposition, plaintiff failed to raise a triable issue of fact as to constructive notice.
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court