Connor v AMA Consulting Engrs. PC (2023 NY Slip Op 00808)

Connor v AMA Consulting Engrs. PC

2023 NY Slip Op 00808

Decided on February 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 14, 2023

Before: Acosta, P.J., Webber, Friedman, Kennedy, Higgitt, JJ. 

Index No. 162524/14 595879/15 Appeal No. 17328 Case No. 2021-03038 

[*1]Robert Connor, Plaintiff-Appellant,
v
AMA Consulting Engineers PC et al., Defendants, Jamestown Premier Chelsea Market, LP, et al., Defendants-Respondents.
AMA Development Infrastructure LLC, Third-Party Plaintiff-Respondent,
v
T.F. Nugent, Inc., et al., Third-Party Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Rivkin Radler LLP, Uniondale (Henry Mascia of counsel), for Jamestown Premier Chelsea Market, LP, respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for MLB Advanced Media L.P., respondent.
Kaufman Dolowich Voluck, LLP, White Plains (Karen L. Wagner of counsel), for AMA Development Infrastructure, LLC, respondent.
Kennedys Law LLP, New York (Elizabeth J. Streelman of counsel), for T.F. Nugent, Inc, respondent.
Cullen & Dykman, LLP, New York (Adrienne Yaron of counsel), for Andrew James Interiors, Inc, respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about August 3, 2021, which, to the extent appealed from as limited by the briefs, granted the separate motions of defendants Andrew James Interiors, Inc., AMA Development Infrastructure, LLC, MLB Advanced Media, L.P., and Jamestown Premier Chelsea Market, LP. for summary judgment dismissing the complaint, and denied plaintiff's cross motion seeking summary judgment with respect to liability on his Labor Law § 240(1) cause of action, and leave to amend his bill of particulars to allege Industrial Code (12 NYCRR) § 23-1.7(e)(2) and § 23-2.1(a)(1) as ancillary statutes as predicates for his Labor Law § 241(6) cause of action, and as amended, summary judgment on that cause of action, unanimously affirmed, without costs.
Plaintiff's cross motion was untimely under the parties' so-ordered stipulation agreeing that all dispositive motions would be filed by June 9, 2020. The later stipulation agreeing to a single return date for all motions did not supersede the prior agreement, nor was there any conflict between the two stipulations (see Koch v Sheresky, Aronson & Mayefsky LLP, 161 AD3d 647, 647-648 [1st Dept 2018], lv dismissed 32 NY3d 928 [2018]). Nonetheless, Supreme Court properly considered the branch of plaintiff's cross motion seeking summary judgment with respect to liability on his Labor Law § 240(1) claim, as it sought relief "nearly identical" to that sought by defendants' motions (Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280, 281 [1st Dept 2006], appeal dismissed 9 NY3d 862 [2007]).
The branch of plaintiff's motion for summary judgment on his Labor Law § 241(6) claim, however, was not a true cross motion, as it rested on newly pleaded Industrial Code provisions (see Kershaw v Hospital for Special Surgery, 114 AD3d 75, 87 [1st Dept 2013]) and thus did not raise arguments "nearly identical" to those defendants raised in their motions (see Crawford v 14 E. 11th St., LLC, 191 AD3d 461, 461 [1st Dept 2021], quoting Rubino v 330 Madison Co., LLC, 150 AD3d 603 [1st Dept 2017]). Supreme Court also did not improvidently exercise its discretion in denying the branch of plaintiff's motion seeking to amend his bill of particulars to allege additional Industrial Code violations. Plaintiff failed to amend within the time frame set by a prior order and offered no justification for failing to do so until several years later. Moreover, plaintiff sought amendment only in the face of defendants' post-note of issue dispositive motions (see Reilly v Newireen Assoc., 303 AD2d 214, 218 [1st Dept 2003], lv denied 100 NY2d 508 [2003]).
As to the merits of the Labor Law § 240(1) cause of action, Supreme Court properly dismissed that cause of action. Where a falling object has had a relatively short descent before hitting plaintiff, as is the case here, courts will take into consideration whether the size and weight of the object can generate a significant amount of force as [*2]it falls (see Kuylen v KPP 107th St., LLC, 203 AD3d 465, 465 [1st Dept 2022]; Padilla v Touro Coll. Univ. Sys., 204 AD3d 415, 416 [1st Dept 2022]). Here, unlike the stacks of sheetrock of significant weight in Kuylen and Padilla, the two-foot-wide and eight-foot-high piece of sheetrock, only a portion of which tipped over no more than three feet onto plaintiff, was an ordinary construction hazard and not an extraordinary danger contemplated by Labor Law § 240(1).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 14, 2023