Ocean v Strivers Gardens Condominium Assn. (2023 NY Slip Op 01846)

Ocean v Strivers Gardens Condominium Assn.

2023 NY Slip Op 01846

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Renwick, A.P.J, Kapnick, Friedman, Moulton, Kennedy, JJ. 

Index No. 154702/16 Appeal No. 17659 Case No. 2022-00058 

[*1]Amira Ocean, Plaintiff-Respondent,
v
Strivers Gardens Condominium Association et al., Defendants-Respondents-Appellants, Rock Group NY Corp., Defendant-Appellant-Respondent, Rock Scaffolding Corp., et al., Defendants.

Fuchs Rosenzweig, PLLC, New York (Valerie Prizimenter of counsel), for appellant-respondent.
Haworth Barber & Gerstman LLC, New York (David W. Kong of counsel), for respondents-appellants.
Law Office of Ephrem J. Wertenteil, New York (Ephrem J. Wertenteil of counsel), for respondent.

Order, Supreme Court, New York County (Erika Edwards, J.), entered December 8, 2021, which denied defendant Rock Group NY Corp.'s motion for summary judgment dismissing the amended complaint and cross claims against it, and denied defendants Strivers Gardens Condominium Association and New Bedford Management Corp.'s (together Strivers) motion for summary judgment dismissing the amended complaint and cross claims as against them and for summary judgment on their cross claims for indemnification, unanimously affirmed, without costs.
Plaintiff claims that a piece of wood from a sidewalk shed, owned by Rock Group and surrounding a building owned by Strivers, struck her while she was crossing the street. Rock Group and Strivers each argue that they owed no duty to plaintiff and that it was the other's responsibility to inspect the shed.
The court correctly denied the moving defendants' motions for summary judgment. Rock Group's liability stems from its ownership of the shed (see Narvaez v City of New York, 190 AD3d 649, 649-650 [1st Dept 2021]), and Strivers's liability stems from its ownership of the building (see Tytell v Battery Beer Distrib., 202 AD2d 226, 226-227 [1st Dept 1994]). Based on the conflicting testimony of Rock Group and Strivers's witnesses, the motion court correctly found questions of fact as to whether Rock Group or Strivers was responsible for inspecting the shed. Moreover, because these questions of fact exist, neither entity can establish that it did not have actual or constructive notice of the dangerous condition.
Rock Group's argument that it is entitled to dismissal of Strivers's cross claims for indemnification is unavailing, as neither entity has established its freedom from negligence (see Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023