Lopez v 106 LPA LLC (2023 NY Slip Op 06481)

Lopez v 106 LPA LLC

2023 NY Slip Op 06481

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Kapnick, J.P., Kennedy, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 300181/16E Appeal No. 1245-1246 Case No. 2022-03947, 2023-02350 

[*1]Gersson Lopez, Plaintiff-Respondent-Appellant,
v
106 LPA LLC et al., Defendants-Appellants-Respondents, HKS Construction Corp., et al., Defendants.
106 LPA LLC et al., Third-Party Plaintiffs-Appellants-Respondents, HKS Construction Corp., Third-Party Plaintiff,
v
Scalpel Contracting, Inc., Third-Party Defendant-Respondent.

Litchfield Cavo LLP, New York (Beth A. Saydak of counsel), for appellants-respondents.
Gorayeb & Associates, P.C., New York (Martin J. Moskowitz of counsel), for respondent-appellant.
Barry, McTiernan & Moore, New York (Allison A. Snyder of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered August 1, 2022, which, to the extent appealed from as limited by the briefs, denied defendants 106 LPA LLC and Liani Development Group, LLC's (defendants) motion for summary judgment dismissing plaintiff's Labor Law § 240(1) claim, granted defendants' motion as to the Labor Law § 241(6) claim, and denied plaintiff's motion for partial summary judgment on his Labor Law §§ 240(1) and 241(6) claims, unanimously modified, on the law, to deny defendants' motion as to the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-2.2(d), to reinstate that claim, and otherwise affirmed, without costs. Appeal from Order, same court and Justice, entered on or about April 12, 2023, which denied defendants' motion for leave to reargue their summary judgment motion, unanimously dismissed, without costs, as taken from a nonappealable paper.
Defendants — the owner of the premises under construction and the general contractor — established prima facie entitlement to summary judgment dismissing plaintiff's Labor Law § 240(1) claim where plaintiff alleged that he was injured when he was struck in the lower back by a four-foot by two-foot concrete form that weighed approximately 50 pounds, which fell from where it had been leaning against a wall. The concrete form had been resting on its side at the same floor level on which plaintiff stood before the accident (see Connor v AMA Consulting Engrs. PC, 213 AD3d 483, 484 [1st Dept 2023]).
However, in opposition, plaintiff raised triable issues of fact as to whether plaintiff's injuries flowed directly from the application of the force of gravity to the form, whether the weight of the form could generate a significant amount of force as it fell and whether plaintiff's injuries were proximately caused by the lack of a safety device of the kind required by the statute (see Padilla v Touro Coll. Univ. Sys., 204 AD3d 415, 416 [1st Dept 2022]; Kuylen v KPP 107th St., LLC, 203 AD3d 465, 465 [1st Dept 2022]; Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 11 [2011]).
Plaintiff also raised triable issues as to his Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-2.2(d), inasmuch as that section provides that stripped concrete forms "shall be promptly stockpiled or removed from areas in which persons are required to work or pass." The evidence indicated, among other things, that the concrete forms were scattered about the garage area following concrete work performed in the garage two weeks earlier by plaintiff's employer, the cement contractor. Plaintiff's foreman had instructed plaintiff and his fellow workers to retrieve the concrete materials from the garage, including forms, for use in another area of the construction project.
No appeal lies from the denial of defendants' motion for leave to reargue (see Avelo Mtge, LLC v McFarlane, 159 AD3d 662 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF [*2]THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023