Jesmain v Time Cap Dev. Corp. (2024 NY Slip Op 01444)

Jesmain v Time Cap Dev. Corp.

2024 NY Slip Op 01444

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND NOWAK, JJ.

811 CA 22-01231

[*1]CONNOR B. JESMAIN, PLAINTIFF-APPELLANT-RESPONDENT,
v
TIME CAP DEVELOPMENT CORP., 980 JAMES STREET, LLC, AND INTERIOR BUILDERS FRAMING AND DRYWALL LLC, DEFENDANTS-RESPONDENTS-APPELLANTS.  TIME CAP DEVELOPMENT CORP., AND 980 JAMES STREET, LLC, THIRD-PARTY PLAINTIFFS-RESPONDENTS-APPELLANTS, 
 SYRACUSE ENERGY SYSTEMS, INC., THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT. 

LYNN LAW FIRM, LLP, SYRACUSE (KELSEY W. SHANNON OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.
TREVETT CRISTO, ROCHESTER (ALAN J. DEPETERS OF COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT-RESPONDENT. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (STEPHEN A. DAVOLI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS-APPELLANTS AND THIRD-PARTY PLAINTIFFS-RESPONDENTS-APPELLANTS TIME CAP DEVELOPMENT CORP., AND 980 JAMES

 

 Appeals from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered July 12, 2022. The order, among other things, granted in part and denied in part the motion of defendants-third-party plaintiffs Time Cap Development Corp. and 980 James Street, LLC for summary judgment dismissing the amended complaint as against them and for contractual indemnification against third-party defendant, denied plaintiff's motion for partial summary judgment on the first and second causes of action as against defendants Time Cap Development Corp. and 980 James Street, LLC, and denied the motion of defendant Interior Builders Framing and Drywall, LLC for summary judgment seeking dismissal of plaintiff's amended complaint and all cross-claims against it. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying those parts of the motion of defendants-third-party plaintiffs Time Cap Development Corp. and 980 James Street, LLC, seeking summary judgment dismissing the Labor Law § 240 (1) cause of action and the Labor Law § 241 (6) cause of action insofar as it is based on the alleged violation of 12 NYCRR 23-2.1 (a) (1) and reinstating those causes of action, granting that part of the motion of Time Cap Development Corp. and 980 James Street, LLC, seeking summary judgment dismissing the Labor Law § 200 and common-law negligence causes [*2]of action against 980 James Street, LLC, denying that part of the motion of Time Cap Development Corp. and 980 James Street, LLC, seeking summary judgment on their claim for contractual indemnification against third-party defendant Syracuse Energy Systems, Inc., and granting that part of the motion of defendant Interior Builders Framing and Drywall LLC seeking summary judgment dismissing the cross-claim of Time Cap Development Corp. and 980 James Street, LLC, for contractual indemnification against it, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking to recover damages for injuries that he sustained at a construction site on property owned by defendant-third-party plaintiff 980 James Street, LLC (980 James). At the time of the injury, plaintiff and a supervisor for the general contractor, defendant-third-party plaintiff Time Cap Development Corp. (Time Cap), were moving a stack of drywall panels that was leaning against a wall and partially obstructing the doorway of a room that plaintiff needed to access in order to perform certain HVAC work. As plaintiff and the Time Cap supervisor moved several of the drywall panels from their position against the wall, the panels tilted too far and fell, striking plaintiff's ankle.
Plaintiff moved for partial summary judgment on the issue of liability on his Labor Law §§ 240 (1) and 241 (6) causes of action, which were asserted against Time Cap and 980 James (collectively, 980 James defendants) only. The 980 James defendants moved for summary judgment dismissing the amended complaint against them and also sought summary judgment on their third-party claim for contractual indemnification against plaintiff's employer, third-party defendant Syracuse Energy Systems, Inc. (Syracuse Energy). Defendant Interior Builders Framing and Drywall LLC (Interior Builders) moved for summary judgment dismissing the amended complaint and all cross-claims against it.
Supreme Court, inter alia, denied plaintiff's motion; denied the 980 James defendants' motion insofar as it sought summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence causes of action against them; granted those parts of the 980 James defendants' motion with respect to the Labor Law §§ 240 (1) and 241 (6) causes of action and the third-party claim for contractual indemnification; and, in effect, denied Interior Builders' motion. Plaintiff, the 980 James defendants, Interior Builders, and Syracuse Energy each appeal.
Plaintiff contends on his appeal that the court erred in granting that part of the motion of the 980 James defendants with respect to plaintiff's Labor Law § 240 (1) cause of action. We agree, and we therefore modify the order accordingly. Although the drywall that fell on plaintiff was located on the floor and was not being hoisted or secured, issues of fact exist whether section 240 (1) applies to this case (see Padilla v Touro Coll. Univ. Sys., 204 AD3d 415, 416 [1st Dept 2022]).
We also agree with plaintiff that the court erred in granting that part of the 980 James defendants' motion with respect to plaintiff's Labor Law § 241 (6) cause of action insofar as it is premised on an alleged violation of 12 NYCRR 23-2.1 (a) (1), and we further modify the order accordingly. Issues of fact exist whether the drywall was stored safely at the construction site and whether the drywall was a material pile that blocked a passageway (see Padilla, 204 AD3d at 416). We further conclude that a question of fact exists whether plaintiff was a recalcitrant worker.
The 980 James defendants contend on their appeal that the court erred in denying those parts of their motion seeking summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence causes of action against Time Cap. We reject that contention. Initially, we note that those causes of action assert that the placement of the drywall panels constituted a dangerous condition and that plaintiff's injuries resulted from the manner in which the drywall panels were moved. "Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to maintain a safe construction site" (Collver v Fornino Realty, LLC, 213 AD3d 1229, 1230 [4th Dept 2023] [internal quotation marks omitted]). With respect to both common-law negligence and section 200 claims based on an allegedly dangerous premises condition, a defendant seeking summary judgment has the initial burden of establishing "that it did not create or have actual or constructive notice of the dangerous condition" (Carpentieri v 1438 S. Park Ave. Co., LLC, 215 AD3d 1236, 1238 [4th Dept 2023]; see Burns v [*3]Lecesse Constr. Servs. LLC, 130 AD3d 1429, 1434 [4th Dept 2015]). Here, even assuming, arguendo, that the 980 James defendants met their initial burden on the motion with respect to plaintiff's claim that the placement of the drywall panels constituted a dangerous condition, we conclude that plaintiff raised a triable issue of fact through his expert, who opined that the placement of the drywall was dangerous. Plaintiff also raised an issue of fact as to who created the alleged dangerous condition. Where a claim arises from the manner in which the work was performed, liability will attach only where the defendant exercised supervisory control over the work performed (see Gomez v 670 Merrick Rd. Realty Corp., 189 AD3d 1187, 1191 [2d Dept 2020]; Selak v Clover Mgt., Inc., 83 AD3d 1585, 1587 [4th Dept 2011]). Here, we conclude that the 980 James defendants failed to meet their initial burden on the motion with respect to plaintiff's theory that the drywall was moved in an unsafe manner inasmuch as their own submissions raise a question of fact whether plaintiff was injured while following the instructions of a supervisor employed by Time Cap.
As the 980 James defendants contend on their appeal and as plaintiff correctly concedes, even if Time Cap may be held liable under Labor Law § 200 or on a theory of common-law negligence, 980 James cannot. We therefore further modify the order by granting the 980 James defendants' motion insofar as it sought summary judgment dismissing those causes of action against 980 James.
Syracuse Energy contends on its appeal that the court erred in granting the motion of the 980 James defendants insofar as it sought summary judgment on their claim in the third-party action for contractual indemnity. We agree, and we further modify the order accordingly. The broad language in the indemnity clause encompasses plaintiff's actions in moving items so that he could engage in the specific work Syracuse Energy contracted to perform (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]), but the indemnity clause specifically excludes coverage for claims due to the sole negligence of indemnified parties. In light of our determination that questions of fact exist as to which entity placed the drywall and whether that alleged conduct caused plaintiff's injury, we conclude that the motion of the 980 James defendants with respect to the issue of contractual indemnity should have been denied (see Bellefleur v Newark Beth Israel Med. Ctr., 66 AD3d 807, 808 [2d Dept 2009]; see generally Tanksley v LCO Bldg. LLC, 201 AD3d 1323, 1325-1326 [4th Dept 2022]).
We reject the contention of Interior Builders on its appeal that the court erred in denying that part of its motion seeking summary judgment dismissing the amended complaint against it. Only the common-law negligence cause of action is asserted against Interior Builders, and questions of fact exist with respect to whether the placement of the drywall panels constituted a dangerous condition and who was responsible for creating that condition (see Carpentieri, 215 AD3d at 1238; Burns, 130 AD3d at 1434). We agree with Interior Builders that, inasmuch as the 980 James defendants did not oppose its motion insofar as it sought summary judgment dismissing the 980 James defendants' cross-claim for contractual indemnification, the court erred in denying that part of the motion (see generally Narvaez v City of New York, 190 AD3d 649, 650 [1st Dept 2021]). We therefore further modify the order accordingly.
Finally, we reject the contentions of Interior Builders that the court erred in denying those parts of its motion with respect to the 980 James defendants' cross-claims for common-law indemnification (see Lagares v Carrier Term. Servs., Inc. [appeal No. 2], 204 AD3d 1456, 1459 [4th Dept 2022]; McKay v Weeden, 148 AD3d 1718, 1721 [4th Dept 2017]; see also McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]) and contribution (see Held v Pike Co., 140 AD3d 1664, 1665
[4th Dept 2016]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court