Cruz v PMG Constr. Group LLC (2025 NY Slip Op 01187)

Cruz v PMG Constr. Group LLC

2025 NY Slip Op 01187

Decided on March 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 04, 2025

Before: Kern, J.P., Singh, Friedman, Scarpulla, Shulman, JJ. 

Index No. 158528/18|Appeal No. 3815|Case No. 2024-03529|

[*1]Bryan Cruz, Plaintiff-Respondent,
v
PMG Construction Group LLC, et al., Defendants-Appellants.

Fuchs Rosenzweig PLLC, New York (Theresa Dinh of counsel), for appellants.
Law Offices of Lawrence Perry Biondi, P.C., Garden City (Lisa M. Comeau of counsel), for respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered May 28, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion to the extent of dismissing plaintiff's Labor Law §§ 241(6) and 200 claims, and otherwise affirmed, without costs.
Plaintiff, a metal and glass worker, was injured when a 225 to 250 pound, 4' x 10' glass window tipped over and struck the back of his legs. Prior to the accident, the window had been leaning against a stack of approximately four other windows, all similar in size and all of which were propped up against the wall. Plaintiff had just removed a suction cup carrier from the window and had taken only three to four steps towards a nearby A-frame dolly when the window fell on him. Plaintiff commenced this action against defendants, alleging violations of Labor Law §§ 240(1), 241(6), and 200.
Supreme Court properly denied defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240(1) claim because the parties submitted conflicting expert opinions raising triable issues of fact. Defendants' expert engineer opined there was a de minimis elevation risk because the window could not generate sufficient force as it toppled over and fell a short distance to the floor. Therefore, the window did not require additional securing devices. In opposition plaintiff's expert opined, based on empirical data, industry standard, and witness testimony, that the weight, length, and height of the glass window, when toppled, created a significant, harmful force, even over the course of a relatively short descent, that warranted securing for the purpose of the undertaking (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]; Lopez v 106 LPA LLC, 222 AD3d 526, 527 [1st Dept 2023]; Grigoryan v 108 Chambers St. Owner, LLC, 204 AD3d 534, 534 [1st Dept 2022]).
However, the court should have dismissed plaintiff's Labor Law § 241(6) claim predicated upon Industrial Code (12 NYCRR) § 23-2.1(a)(1). The Industrial Code regulation cited by plaintiff is sufficient to support a Labor Law § 241(6) cause of action, as long there was a violation of both prongs: those materials did not obstruct a passageway, walkway, stairway, or other thoroughfare (§ 23-2.1[a][1]). Here, plaintiff fails to raise an issue of fact as to whether there was a violation because the evidence shows that "the materials were not . . . obstructing a passageway" (Diaz v P&K Contr., Inc., 224 AD3d 405, 407 [1st Dept 2024] [explicitly rejecting the argument that § 23-21(a)(1) "may be applicable regardless of whether the materials in question . . . are obstructing a passageway"]).
The court also should have dismissed plaintiff's Labor Law § 200 claim. Plaintiff testified at his deposition that he received his work instructions only from his employer, a glass subcontractor. There was no evidence that [*2]defendants supervised and controlled the means and methods of plaintiff's injury-producing work (see Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144 [1st Dept 2012]; Siegel v Delta Airlines, Inc., 227 AD3d 516, 517 [1st Dept 2024]). The general authority of certain defendants to stop the work for safety reasons is insufficient to raise a factual issue (see Villanueva v 114 Fifth Ave. Assoc. LLC, 162 AD3d 404, 406-407 [1st Dept 2018]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2025