Hanslick v UG2 (2025 NY Slip Op 06811)

Hanslick v UG2

2025 NY Slip Op 06811

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ. 

Index No. 156052/22|Appeal No. 5320|Case No. 2025-01643|

[*1]Tabitha Hanslick, Plaintiff-Respondent,
vUG2, Defendant-Appellant.

Edelstein & Grossman (Jonathan Edelstein of counsel), for appellant.
Nguyen Leftt, P.C., New York (Andrew Leftt of counsel), for respondent.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered March 5, 2025, which denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's motion for summary judgment as to liability and dismissing defendant's first and fourth affirmative defenses, unanimously modified, on the law, to deny plaintiff's motion in its entirety, and otherwise affirmed, without costs.
Plaintiff, a librarian at the Fashion Institute of Technology (FIT), was injured when 9 to 10 slatwall panels (4 foot by 8-foot boards weighing approximately 85 pounds each), that had been stored vertically leaning against a wall in the library storage alcove, collapsed onto her leg as she was touching them to count and inspect them. The employees of defendant, the building service company that contracted with FIT to provide janitors, laborers, and other facility workers at the premises, had, in response to a library employee's work order to deliver them and store them "to the left side of E518 (rear alcove of library)," stored the slatwall panels in such manner.
The court properly denied defendant's motion for summary judgment dismissing the complaint (see Swallows v W N.Y.—Times Sq., 230 AD3d 1078, 1079 [1st Dept 2024]; Padilla v Touro Coll. Univ. Sys., 204 AD3d 415, 416 [1st Dept 2022]). The court, however, should also have denied plaintiff's motion seeking partial summary judgment on the issue of defendant's negligence and dismissal of defendant's first affirmative defense alleging plaintiff's culpable conduct and its fourth affirmative defense alleging a lack of notice of a dangerous condition. Plaintiff's expert did not examine the accident scene or the panels. His opinion that slatwall panels are made of materials that are subject to structural weakening and warping sufficient to lead to a collapse if leaned against a wall for eight days was no less conclusory than the opinion of defendant's expert. His opinion assumed facts not in the record, and was not supported by the photographic evidence, which depicted panels that were neither warped nor curved (see e.g. Beadell v Eros Mgt. Reality, LLC, 229 AD3d 43, 60 [1st Dept 2024], lv granted in part, dismissed in part 43 NY3d 955 [2025]). Further, his opinion as to causation was made without regard to the record evidence of the physical environment and circumstances of the panels' storage, and was, therefore, speculative (see Akel v Gerardi, 200 AD3d 445, 446 [1st Dept 2021]).
Given the foregoing, and given the circumstances of the occurrence as developed by the record, defendant's first affirmative defense alleging plaintiff's culpable conduct
and its fourth affirmative defense alleging a lack of notice of a dangerous condition should not have been dismissed (see Prendergast v New York City Tr. Auth., 220 AD3d 583, 584 [1st Dept 2023]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025