Perez v Kew Gardens Dev. Corp.
2026 NY Slip Op 03246
May 21, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Ronny Carvajal Perez, Plaintiff-Respondent-Appellant,
v
Kew Gardens Dev. Corp., Defendant, NYC Elegant Improvements, Inc., Defendant-Appellant-Respondent.

Decided and Entered: May 21, 2026
Index No. 453196/17|Appeal No. 6704|Case No. 2025-06701|
Before: Moulton, J.P., González, O'Neill Levy, Chan, Hagler, JJ.

Mauro Lilling Naparty LLP, Woodbury (Jessica L. Smith of counsel), for appellant-respondent.
Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for respondent-Appellant.

[*1]
Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered on or about October 17, 2025, which, to the extent appealed from as limited by the briefs, denied defendant NYC Elegant Improvements, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law without costs, to grant defendant's motion, and the complaint as against defendant dismissed. Appeal from that part of the same order which, to the extent appealed from as limited by the briefs, denied plaintiff's cross-motion for partial summary judgment on the Labor Law § 240(1) claim as against defendant, unanimously dismissed, without costs, as academic.
As an initial matter, the court properly considered plaintiff's untimely cross-motion only to the extent it raised the same issue as defendant's motion, namely, whether defendant was a proper Labor Law defendant (see Jarama v 902 Liberty Ave. Hous. Dev. Fund Corp., 161 AD3d 691, 691-692 [1st Dept 2018]). The court should not have considered plaintiff's separate argument that the ladder violated Labor Law § 240(1), which was not raised by the motion (see Filannino v Triborough Bridge & Tunnel Auth., 34 AD3d 280, 281 [1st Dept 2006], appeal dismissed 9 NY3d 862 [2007]).
The evidence establishes that defendant was not a general contractor or statutory agent with supervisory authority and control over plaintiff's work (see Kuylen v KPP 107th St., LLC, 203 AD3d 465, 465 [1st Dept 2022]). Defendant's project manager testified that defendant was not retained to work as a general contractor and never visited the site despite attending a preliminary meeting with the property owner to discuss potential work. The work permit listing defendant's principal as the general contractor, standing alone, is insufficient to establish that defendant assumed that role (see Kosovrasti v Epic [217] LLC, 96 AD3d 695, 696 [1st Dept 2012]). Accordingly, the Labor Law §§ 240(1) and 241(6) claims should have been dismissed (see Chang Zhang Zou v 122 Dev., LLC, 103 AD3d 519, 519 [1st Dept 2013]). Although the owner admitted in its unverified stricken answer that it retained defendant as general contractor, that statement, even if considered, would constitute an admission only as against the owner as "the pleader," not defendant (Matter of Union Indem. Ins. Co. of N.Y., 89 NY2d 94, 103 [1996]).
[*2]
Here, the accident arose from the means and methods of the work, specifically the equipment used (see Breslin v Macy's, Inc., 211 AD3d 569, 569 [1st Dept 2022]). Plaintiff's testimony established that defendant was not his employer and did not control his work. Defendant's project manager also testified that it never performed any contracted work for Kew Gardens or visited the work site. Thus, the record presents no basis to impose liability under common-law negligence and Labor Law § 200 (see Gonzalez v Turner Constr. Co., 21 AD3d 832, 833 [1st Dept 2005] [affirming dismissal of common-law negligence and Labor Law § 200 claims where the evidence established that "no one from [the defendant] was present at the time of the accident, and that [the defendant] had no direct involvement in the performance of plaintiff's work"]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 21, 2026